## James H. Frey, Appellee, v. Kerens-Donnewald Coal Company, Appellant.

1. MINES AND MINERS ACT—*what not defense to action charging wilful violation.* Intoxication urged as having affected the health of the plaintiff, *held,* not competent in an action charging wilful violation with respect to ventilation resulting in the impairment of the plaintiff's health.

2. MINES AND MINERS ACT—*what not competent in action charging wilful violation.* If the air of the place at which the plaintiff worked was bad, the fact that there was good air in other parts of the mine is not material.

Action in case for personal injuries. Appeal from the Circuit Court of Madison county; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed February 11, 1910.

TERRY & GUELTIG, for appellant.

D. H. MUDGE, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellee, a coal miner, working in appellant's mine, brought this suit to recover on account of injuries to his health alleged to have been caused by appellant's failure to comply with certain provisions of section 19, relating to ventilation, of the statute in regard to mines and miners.

Paragraph a of said section provides that the

operator shall keep a certain amount of air in circulation in the mine and that the same shall be forced into every working place, so that all parts of the mine shall be reasonably free from standing powder smoke and deleterious air of every kind. Paragraph e, that all permanent doors in mines used in guiding and directing the ventilating currents, shall be so hung and adjusted as to close automatically. Paragraph f, that an attendant shall be employed at all principal doorways through which cars are hauled, to open and close the doors when trips of cars are passing to and from the working.

The numerous counts of the declaration alleged that appellant wilfully failed to comply with the above provisions of the statute, and by reason thereof, appellee became ill and permanently injured and became liable for doctors' bills and medicines.

Appellant urges as reasons why the judgment of $566.60 rendered against it in the court below, should not be permitted to stand, that the court erred in the admission and exclusion of evidence, in giving and refusing instructions and that the amount of the judgment is excessive.

The proofs disclosed the following facts: Appellee worked in the mine from September, 1907, until the latter part of February, 1908, and during that time was engaged in mining coal at the face of the third south entry. This entry was being driven parallel with the fourth south entry and every 60 feet a cross-cut 20 feet wide was made, connecting the two entries. The direction of the course of the air current was through the third south entry into the fourth south entry, and thence into other parts of the mine. About 400 feet from the face of the third south entry, where appellee worked, was a door in a cross-cut so hung as to open into the third south entry. Through this doorway, tracks were laid upon which coal cars were run, but there was no attendant at the door to open and close the same, when the cars passed through, and it was

frequently caused to remain open. It was shown by the proofs, and is a well-known fact, that in order to keep the air close to the face of an entry and prevent a short circuit, it is necessary that all cross-cuts be closed except the one next to the face. It is shown that the cross-cuts between the two entries in question were but imperfectly filled and that by reason of the air passing through them or said door-ways or both, it did not reach the face and appellee's working place was not kept reasonably free from standing powder smoke and deleterious air. These imperfect and improper conditions were brought to the attention of the mine manager at different times during the winter, but nothing was done to remedy them until an automatic door was put in the place of the one above mentioned in the latter part of February, 1908. Appellee testified, and the proofs appear to show, that by reason of the deleterious air in which he worked, he became sick and received the injuries complained of. That the injurious and unlawful conditions above referred to existed in the mine, is not seriously contested by appellant.

Upon the trial appellant offered to prove that during the time appellee claimed to have received his injuries, he was arrested by the village marshal of Worden for being drunk on the streets of that place, but the testimony was refused by the court. The most that can be said in favor of this evidence is that it tended to show that appellee, by his own acts, contributed to bring about his own ill health, but even if such could be held to be a proper inference, yet the proof was not admissible for the reason that this suit is brought for a wilful violation of the Miners Act under which, if proven, appellant would be liable for all injuries caused thereby to an employe, notwithstanding the fact that the acts of the latter may have aggravated the injuries or rendered him more susceptible to receive the same. Kellyville Coal Co. v. Strine, 217 Ill. 516; Riverton Coal Co. v. Shepherd, 111 Ill. App. 294.

Appellant complains that the trial court ruled that proof of the condition of the air in other parts of the mine was inadmissible unless it was shown that the air passed the place where plaintiff was at work. This evidence was properly refused as the question to be determined was, whether or not the air was forced into the working place of appellee at the face of the entry, and it was immaterial whether there was good air in other parts of the mine or not.

The seventh instruction given for appellee, permitted the jury in determining the amount of appellee's damages, if any, to take into consideration "his loss of time and inability to work, if any, on account of such injuries," and it is strongly urged by appellant that such instruction contains reversible error upon the ground that no loss of time is alleged in any count of the declaration, nor was the same proven on the trial. An examination of the declaration however shows that in two counts thereof, it is charged that appellee by reason of his injuries, was unable to perform his usual duties. Appellee testified, though this testimony is omitted from appellant's abstract, "I got so I could not work at all to amount to anything," and "I could not stand it as I did before." Appellee also gave other testimony tending to show that by reason of his disabilities he earned much less in the month of January than he could otherwise have earned. We think the charge in the declaration together with the testimony above referred to, amply warranted the court in giving said instruction.

Appellant further complains of the refusal of its 2nd, 11th and 12th instructions. Appellant's second refused instruction told the jury that the declaration was a pleading only and should not be considered as evidence in the case and that the only evidence which they were at liberty to consider was the testimony of the witnesses, together with such plats or other exhibits, as the court permitted to go to the jury. As a matter of fact there were no plats introduced in evidence and that portion of the instruction which

referred to the declaration, was sufficiently covered by instruction No. 5 given for appellant. Appellant's refused instruction No. 11 was also fully covered by instruction No. 5 given for it. Appellant's refused instruction No. 12, which informed the jury that if the bad condition of the air at appellee's working place was caused by the act of a fellow-servant, or by reason of the driver's negligently leaving the door in question open and that such acts of such servants or drivers was not wilfully caused to be done by appellant itself, their verdict should be for appellant, did not state the law correctly as applicable to an action under the Miners Act and the facts in this case and was properly refused.

As to the amount of damages, while they appear to be somewhat large, yet they are not so excessive as to justify us in reversing the judgment on that account alone. In accord with the views herein expressed, the judgment of the court below will be affirmed.

*Affirmed.*